UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JOE HAND PROMOTIONS INC**            **CASE NO. 2:24-CV-00046**

**VERSUS**                             **JUDGE JAMES D. CAIN, JR.**

**BISOU LOUNGE LLC ET AL**             **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the Court is a "Second Rule 12 Motion to Dismiss Due to Insufficient Service of Process" (Doc. 12) filed by the Defendants, Bisou Lounge, LLC and Adar Eshkar. Plaintiff, Joe Hand Promotions, Inc. ("Joe Hand"), did not file an opposition, and the matter is considered unopposed.

## BACKGROUND INFORMATION

Joe Hand is a company that specializes in licensing and distributing premier sporting events to commercial locations such as bars, restaurants, lounges, clubhouses, and similar establishments. Doc. 1 at ¶ 7. Joe Hand enters into contracts with various establishments, in exchange for a fee, that allows that establishment to exhibit certain programs, which Joe Hand has been granted an exclusive right to license. *Id.* at ¶ 9. Specific to this lawsuit, this includes the exclusive commercial distribution rights to broadcast the Ultimate Fighting Championship® ("UFC") pay-per-view programs: (1) *UFC 257: Poirier vs. McGregor 2* on January 23, 2021, and (2) *UFC 259: Blachowicz vs. Adesanya* on March 6, 2021. *Id.* at ¶ 1.

Joe Hand alleges that Defendants unlawfully transmitted, divulged, and published the programs described above to the patrons of the Bisou Lounge without a license, permission, or

authority. *Id.* at ¶¶ 11-12.  Joe Hand contends that Defendants actions are in violation of either 47 U.S.C. § 605 or 47 U.S.C. § 553 and seeks statutory damages. *Id.* at ¶¶ 16-18.

Defendants previously filed a Motion to Dismiss for Insufficient Service, which was opposed by Joe Hand.  Doc. 6; Doc. 10.  On May 14, 2024, after a careful review of the record, the Court noted concerns regarding the attempted service process, denied Defendants' Motion to Dismiss, and allowed Joe Hand fourteen additional days to effect service on Defendants' counsel. Doc. 11.   Thereafter, on June 10, 2024, Defendants filed the motion currently under consideration for dismissal based on Joe Hand's failure to effect service. Doc. 12.  On June 20, 2024, upon request of the Plaintiff, a summons was reissued by the Clerk of Court as to both Defendants.  Doc. 16.  As of the date of this order, the Clerk of Court has not received a returned executed reissued summons as to either Defendant.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 4(c)(1) provides that a "summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" Fed. R. Civ. P. 4(c)(1).  A plaintiff may request a waiver of service from the defendant, who is encouraged under the federal rules to waive service or be subjected to the imposition of the expenses incurred in making service.  Fed. R. Civ. P. 4(d)(1) and 4(d)(2).   If a defendant has not waived service, a plaintiff must serve the defendant "within 90 days after the complaint is filed[.]" Fed. R. Civ. P. 4(m).  If this does not occur, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

*Id.* "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

The Complaint in this matter was originally filed on January 12, 2024. Doc. 1. The docket does not reflect that the Defendants have waived service of the Complaint. As such, under Rule 4(m) the Plaintiff was required to properly serve the Defendants on or before April 12, 2024. Additionally, in the order dated May 14, 2024, the Court instructed Joe Hand to serve the Defendants' counsel within fourteen days. Doc. 11. That time expired and Defendants filed the motion at issue.

Upon due consideration, the Court finds that Joe Hand has failed to properly serve the Defendants within the time set forth by Rule 4(m) or the Court's previous order. Accordingly, under Rule 4(m), the Court must dismiss Plaintiff's Complaint without prejudice.

### CONCLUSION

For the reasons stated herein, the Defendants' "Second Rule 12 Motion to Dismiss Due to Insufficient Service of Process" (Doc. 12) will be **GRANTED**. The above captioned matter will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on this 2nd day of August, 2024.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**